# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN DABNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV2250 CDP |
| | ) | |
| ST. PAUL TRAVELERS INS. CO., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it for lack of jurisdiction pursuant to Federal Rule of Civil Procedural 12(h)(3).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff filed the instant complaint on December 4, 2012, seeking a reconsideration of an order from "Judge Kohner on October 9, 2007" that plaintiff states was "in favor" of Travelers Insurance Company, relating to a settlement plaintiff received from the Missouri Second Injury Fund. Plaintiff states that her Missouri Workers' Compensation case was dismissed "with prejudice" on December 29, 2003, for a lump sum of $5617.18. Plaintiff asserts that in addition to her monthly social security benefit payments, she should also be entitled to disability payments from Mediq, her former employer, who was insured by St. Paul Travelers' Insurance Company, but that the dismissal of her case prevents her from receiving these long-term disability payments.

Named as defendants in this action are: St. Paul Travelers' Insurance Company; Second Injury Fund; Mediq Life Support Service; and Missouri Workers' Compensation. Plaintiff seeks "millions" in monetary damages.

## Discussion

Under Fed.R.Civ.P. 12(h)(3), the Court is required to dismiss an action if it appears that subject matter jurisdiction is lacking.

From the allegations stated in plaintiff's complaint, as well as the documents attached to her complaint, it appears that plaintiff is seeking reconsideration of an order from an Administrative Law Judge's findings on a claim plaintiff filed with the Missouri Department of Labor and Industrial Relations under the auspices of the Missouri Workers Compensation Act ("the Act"). The Act provides the exclusive rights and remedies for claims involving workplace injuries sustained by a worker in the course and scope of her employment. Wright v. St. Louis Produce Market, 43 S.W.3d 404, 414 (Mo.Ct.App.2001); Mo.Rev.Stat. § 287.120.1 (2012). As noted by plaintiff, she has already sought and received compensation for a workplace injury arising from her employment with Mediq. Plaintiff cannot "appeal" for additional damages in this Court, as the District Court lacks jurisdiction over such claims. See, e.g., Hannah v. Mallinckrodt, Inc., 633 S.W.2d 723, 727 (Mo. Banc 1982) (noting that the Workers Compensation Commission has exclusive and original jurisdiction).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over plaintiff's complaint. See Fed.R.Civ.P.12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of February, 2013.

                                              /s/ Catherine D. Perry
                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE